## Guthan, etc., v. Gearhart

*Julian W. Barnard*, for plaintiff.

*Guy S. Claire*, for defendant.

DANNEHOWER, J., May 29, 1935.—This case comes before the court upon defendant's rule to show cause why a writ of capias ad respondendum should not be quashed. The two reasons averred in support of the rule are that the affidavit to hold to bail does not mention the defendant by name, but refers to him as "the defendant" and, that the averments in the affidavit are not positive but stated on information and belief.

On February 8, 1934, plaintiff filed a præcipe for a writ of capias in trespass, an affidavit to hold to bail and a plaintiff's declaration. Bail in the sum of $500 was allowed by a judge. The writ issued and was made returnable on March 5, 1934. On February 16, 1934, the sheriff served the writ and arrested the defendant, who on the same day, after having given a bond with surety, was admitted to bail by the sheriff. Defendant's counsel entered his appearance on February 19, 1934, and ruled plaintiff to enter security for costs. This rule was made absolute and plaintiff gave security on March 14, 1934. On March 16, 1934, 11 days after the return day, the defendant filed this motion to quash the writ.

A capias ad respondendum is a writ directed to the sheriff commanding him to arrest the defendant therein named and hold him until he shall have given bail to appear and answer the suit of the plaintiff. It deprives a person of his liberty, and courts require greater care and particularity in the form and substance of the affidavit to hold to bail than in trespass actions started with the usual summons. It is a well-established rule that the affidavit to hold to bail must set forth in the body of the affidavit the name of the defendant. It is not sufficient to refer to him as "the defendant". See Smith v. Bible, 1 Phila. 91; Marquis v. Goldstein, 2 W. N. C. 112; Hower v. Bennet et al., 15 Pa. C. C. 557; Hunt v. Lesh, 6 Dist. R. 290; Flaherty v. Lindsay, 7 W. N. C. 79. This omission is fatal, on the theory that at the time the affidavit was made, the action had not been instituted, and consequently, there is no defendant. It is clear, therefore, that the affidavit is insufficient and the writ might be quashed.

But defendant gave bail in order to avoid imprisonment, and plaintiff contends that where bail has been voluntarily entered, the right to object to informalities in the affidavit has been waived, relying on Trewitz v. Young, 13 Lanc. Bar 202, which seems to decide that point. In the present case, the writ issued on February 8,

1934; the defendant was arrested and entered bail on February 16, 1934; the return day was on March 5, 1934, and the motion to quash was filed on March 16, 1934, 11 days after the return day. The entry of bail by a defendant arrested upon a capias ad respondendum does not waive his right to a rule to be discharged on common bail or to object to the action, or to the liability to arrest or to the right to hold to bail, or the amount thereof: Orzel v. Cominsky, 44 Pa. Co. 703; Keighron v. Dunn & Connelly, 22 Dist. R. 596; Desuian v. Zefcak, 22 Pa. C. C. 77. The weight of authority appears to be that the entry of bail is not a waiver of defendant's right to object to material defects and irregularities in the affidavit to hold to bail. We cannot be persuaded that a person threatened with arrest and confinement in jail can be said to enter bail voluntarily, when by so doing he escapes that confinement. Having given bail, however, it is his duty to move promptly for discharge on common bail or a quashing of the writ, unless there are rules of court requiring objections to be taken within a definite time. We have no rule of court fixing the time in this county. In the absence of such a rule, it would seem to us that such motion should be made at any time before the return day, or within a reasonable time. Eleven days after the return day is, in our opinion, a reasonable time.

The second reason alleged for quashing the writ urges that the affidavit is not positive and is stated on information and belief. The reason is not well taken, because the first paragraph of the affidavit concludes: "deponent solemnly averring that he has personal knowledge of the facts herein stated." The last paragraph of the affidavit reads: "All of which foregoing facts, as stated, the deponent affirms to be true, to the best of his knowledge, information and belief." We conclude that this is not an affidavit made on information and belief, but on personal knowledge of deponent as stated.

The defendant seeks to quash the writ only, and does not request his discharge on common bail. While oc-

casionally the capias has been quashed or abated, in the great majority of cases the defendant has been discharged on common bail. We will, therefore, consider defendant's motion to quash, as one to discharge on common bail, as we deem this motion more appropriate to accomplish justice between the parties.

And now, May 29, 1935, for the foregoing reasons, defendant's rule to show cause why the writ of capias should not be quashed is discharged. It is ordered that defendant's bail, already given, be discharged and defendant permitted to be discharged on common bail.